BOOKOUT ET UX., APPELLANTS, *v.* WHITE ET AL., RESPONDENTS.

No. 8935.

Submitted January 31, 1950. Decided February 23, 1950.

214 Pac. (2d) 861.

Mr. Ben E. Berg, Jr., Livingston, for appellants. Mr. Berg argued the case orally.

460

Mr. Howard A. Johnson, Butte, for respondents. Mr. Johnson argued the case orally.

MR. JUSTICE ANGSTMAN:

Plaintiffs brought this action to quiet title to a tract of land situated in Park county, consisting of 400 acres.

Defendants E. E. Harris and E. P. and Ethel White answered disclaiming all right, title and interest to all of the land save a tract containing about one-half acre. As to this they claimed an interest by reason of a 99-year written lease from John L. Pfohl, plaintiffs' predecessor in interest which, though made to E. P. White was for the use and benefit of the three answering defendants.

The validity of this lease is the only question involved in this proceeding.

The lease was as follows: "For and in consideration of $1.00 and other valuable considerations, the receipt of which is hereby acknowledged, the undersigned John Pfohl, of Park County, Montana, has leased, demised and let, and by these presents does hereby lease, demise and let, with the right of ingress and egress, including the right to come to said property with Motor Vehicles, horse driven vehicles, horseback and afoot, unto E. P. White of Livingston, Park County, Montana, his successors, and assignees, for a period of Ninety-Nine (99) years, from date hereof, that portion of section eleven (11), township 8, south range 6 E. particularly described: About one half (½) acres, which is fenced in on what is known as Middle Creek, on which said half acre (½) is a cabin or log house used, occupied, constructed and improved by said White, which said half acre (½) of said land and cabin is situated on the west side of said section, of what is known as Middle Creek."

The answer alleges that before the written lease was obtained E. P. White, by agreement with Pfohl, erected a cabin upon the property in question and used it for many years for recreational purposes and as a hunting cabin.

The written lease was obtained because defendants desired to

make extensive improvements upon the cabin and the half acre tract. This was done by building a modern log cabin "with kitchen, sleeping quarters and other improvements, concrete sidewalks surrounding the same, a pump house and pump, a fence, a lawn and garden'"all costing in excess of $4,500.00.

The reply admits that John L. Pfohl was the owner of the property and in possession thereof for many years prior to the time referred to in the complaint and alleges insufficient knowledge or information to form a belief as to the other allegations of the answer and therefore denies the same.

The court found for defendants as to the half-acre tract. The important findings were these: That plaintiffs and defendants claim title through John L. Pfohl; that prior to 1922 there was a dilapidated cabin on the property located near a spring; that Pfohl agreed the defendant White could have the cabin for recreational and hunting purposes; that he could also use the spring provided he would fence off the spring and surrounding land so as to prevent cattle from polluting the water since the spring was also Pfohl's source of supply for domestic use; that White and defendant E. P. Harris, under agreement with Pfohl, reconstructed the cabin and built the fence enclosing the cabin and nearby spring; that the property has been used for twenty-five years by the answering defendants for recreational purposes; that they have expended in excess of $3,000 in addition to their personal labor in improving it; that plaintiffs purchased the 400 acre tract with knowledge of the location of the cabin in question and that it contained furnishings belonging to defendants.

As conclusions the court found that defendants are entitled to possession of the half-acre in question until the expiration of the 99-year lease.

The court found that a fair interpretation of the lease discloses that the right of the lessees was limited to other than agricultural purposes. The conclusions of law and the judgment recites that defendants' objections to all evidence offered by plaintiffs on the question of the agricultural character of the lands

embraced in the half acre were sustained. The appeal is from the judgment and is based upon the judgment roll without a bill of exceptions containing the proceedings at the trial.

Plaintiffs contend that the court erred in excluding evidence showing the agricultural character of the land and in finding that the lease shows that the right of defendants was limited to other than agricultural purposes.

Section 67-408, R. C. M. 1947, 6707, R. C. M. 1935, so far as applicable here, provides: "No lease or grant of agricultural lands for agricultural purposes, for a longer period than ten (10) years, in which shall be reserved any rent or service of any kind, shall be valid; * * * but leases or grants of lands, lying outside the limits of cities and towns, for any purpose, other than for agricultural purposes, may be for such period as may be agreed to by the parties to such leases or grants."

Defendants contend that evidence of the validity of the lease ▮ was properly excluded because the pleadings do not tender such an issue. Plaintiffs take the view that in a suit to quiet title the validity of defendants' claim under the rule announced in Sanborn v. Lewis and Clark County, 113 Mont. 1, 120 Pac. (2d) 567, is put in issue by a general denial in the reply. In the view that we take of the case it is unnecessary to determine whether the validity of the lease may be inquired into without a suggestion of its invalidity in the pleadings. We think the court was right in concluding that the lease was for purposes other than agricultural and that no amount of evidence could change the purpose of the lease to one for agriculture.

Section 67-408, in its present form, it should be noted, has to ▮ do with "agricultural lands for agricultural purposes." It is entirely possible that in some countries a tract of land consisting of one-half acre might be said to be used for agricultural purposes. Here the half acre tract was completely isolated. It was not held along with any other larger tract. We take note that in Park county, Montana, agricultural pursuits are not ordinarily undertaken profitably and successfully on a one-half acre tract, particularly where, as here, it is alleged and pre-

sumptively proven that on the tract there was situated a cabin, surrounded by a cement sidewalk, a pumphouse, and a lawn. Nor is the validity of the lease affected by the fact that parts of the land are capable of and in fact were known to grow vegetables.

The court found that the property has been used for 25 years for recreational purposes. The fact that some parts of it might grow or had grown vegetables or might be capable of some agricultural use would make the agricultural use merely an incident to the uses and purposes contemplated and would not convert the recreational purpose into an agricultural use contrary to the statute. Compare Ryan v. Sioux Gun Club, 68 S. D. 345, 2 N. W. (2d) 681.

At any rate if some unusual situation obtained which might be said to establish the fact that the lease was for an agricultural purpose, we may not place the trial court in error without having before us a record showing prejudicial error resulting from the rejection of a proper offer of proof of such evidence.

The judgment is affirmed.

MR. CHIEF JUSTICE ADAIR and ASSOCIATE JUSTICES FREEBOURN, METCALF and BOTTOMLY, concur.